UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-414-BO
NO. 5:13-CV-457-BO

| | |
|---|---|
| RALPH EDWARD SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's corrected motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 39]. The government has moved to dismiss petitioner's motion [DE 45]. For the following reasons, the government's motion to dismiss is GRANTED and Petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On November 3, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon. As part of his plea agreement, petitioner acknowledged the elements of his offense and the minimum and maximum potential sentences. Petitioner also, as part of his plea agreement, agreed to waive the right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing[.]" Petitioner also waived the right "to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective

assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [petitioner's] guilty plea."

On February 15, 2012, the Court sentenced petitioner to 87 months' imprisonment and three years of supervised release. As early as March 27, 2013, petitioner filed a motion under 28 U.S.C. § 2241 in the district of his confinement. That motion was converted to a section 2255 petition and was entered in this Court's docket on June 24, 2013. Petitioner ultimately filed a petition using the correct forms and submitted a memorandum in support of his petition. Petitioner challenges the calculation of his guidelines range for sentencing.

## DISCUSSION

The government contends that Smith's motion should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief might be granted. The government does not directly raise the issue of timeliness, but this Court has the authority to *sua sponte* review the timeliness of a § 2255 petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (finding that district courts are permitted, but not required, to consider the timeliness of a habeas petition *sua sponte*); *see also Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013) (affirming district court's *sua sponte* dismissal of § 2255 petition on timeliness grounds citing *Day*).

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due

2

diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Mr. Smith left the portion of his § 2255 form regarding the timeliness of his motion blank.

Petitioner first filed his motion that was converted into a § 2255 petition on March 27, 2013. The date his conviction became final was February 15, 2012. Section 2255 contains a one year limitations period for the filing of § 2255 motions. Section 2255's statute of limitations applies from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255. Here, Smith's conviction became final on the date upon which he declined to pursue further direct appellate review. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). The Court entered Smith's judgment of conviction on February 15, 2012. Since Smith did not file a direct appeal, his conviction became final for purposes of § 2255 on that date. *Id.* Therefore, Smith's petition is untimely under § 2255(f)(1). As the Court is unaware of any basis upon which to find the petition timely under the remaining provisions of § 2255(f), the Court must dismiss Mr. Smith's petition.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the reasons stated above, the government's motion is GRANTED and the petitioner's motion pursuant to 28 U.S.C. § 2255 is DISMISSED. The petitioner is DENIED a certificate of appealability.


SO ORDERED,

this __1__ day of ~~October~~ November, 2013.


_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE