UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-414-BO
NO. 5:13-CV-457-BO

| | | |
|---|---|---|
| RALPH EDWARD SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion and corrected motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 36 & 39]. For the following

reasons, Petitioner's § 2255 motion is DISMISSED.

**BACKGROUND**

On November 3, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to

one count of possession of a firearm by a convicted felon. As part of his plea agreement,

petitioner acknowledged the elements of his offense and the minimum and maximum potential

sentences. Petitioner also, as part of his plea agreement, agreed to waive the right to appeal

"whatever sentence is imposed, including any issues that relate to the establishment of the

advisory Guideline range, reserving only the right to appeal from a sentence in excess of the

applicable advisory Guideline range that is established at sentencing[.]" Petitioner also waived

the right "to contest the conviction or sentence in any post-conviction proceeding, including one

pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective

assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of

[petitioner's] guilty plea."

On February 15, 2012, the Court sentenced petitioner to 87 months' imprisonment and three years of supervised release. As early as March 27, 2013, petitioner filed a motion under 28 U.S.C. § 2241 in the district of his confinement. That motion was converted to a § 2255 petition and was entered in this Court's docket on June 24, 2013. Petitioner ultimately filed a petition using the correct forms and submitted a memorandum in support of his petition. Petitioner challenges the calculation of his guidelines range for sentencing.

On November 1, 2013, this Court *sua sponte* considered the timeliness of petitioner's motion and dismissed his motion as untimely. [DE 53]. On May 2, 2014, the Fourth Circuit Court of Appeals vacated and remanded the Court's order because the Court did not provide petitioner with notice and an opportunity to respond to the Court's *sua sponte* consideration of timeliness. [DE 57]. On July 3, 2014, the Court provided petitioner with the required notice [DE 60] and petitioner responded on July 29, 2014 [DE 61].

## DISCUSSION

This Court has the authority to *sua sponte* review the timeliness of a § 2255 petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (finding that district courts are permitted, but not required, to consider the timeliness of a habeas petition *sua sponte*); *see also Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013) (affirming district court's *sua sponte* dismissal of § 2255 petition on timeliness grounds citing *Day*). Fair notice and an opportunity to respond must be provided to the parties before the Court acts on its own initiative. *Day*, 547 U.S. at 210; *see also Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). "Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (quotation omitted).

2

Here the Court finds that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue. Therefore the Court, after allowing parties notice and opportunity to respond, considers the limitation issue.

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Mr. Smith left the portion of his § 2255 form regarding the timeliness of his motion blank. [DE 39].

Petitioner first filed his motion that was converted into a § 2255 petition on March 27, 2013. The date his conviction became final was February 15, 2012. Section 2255 contains a one year limitations period for the filing of § 2255 motions. Section 2255's statute of limitations applies from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255. The date Smith's conviction became final was March 1, 2013, 14 days after its entry. FED. R. APP. P. 4(b)(1)(A); *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished). Therefore, Smith's petition is untimely under § 2255(f)(1). The Court is also unaware of any basis upon which to find the petition timely under the remaining provisions of § 2255(f).

In his response, petitioner concedes that his claim is time barred by statute, but contends that he may still bring his motion via the "actual innocence" exception to procedural default. [DE 61 at 1]. However, the Court is not considering whether or not petitioner procedurally defaulted on his claims, but rather whether or not the petition is barred by the statute of limitations.

3

However, as petitioner appears *pro se*, the Court will consider his "actual innocence" argument under the framework of equitable tolling which does apply to the time bar.

Here, petitioner has not met the high threshold to trigger equitable tolling. In order to be eligible for equitable tolling, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only appropriate "in those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). The Fourth Circuit has also emphasized that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Although petitioner claims to be actually innocent of the guideline sentencing range this Court found at sentencing,[1] this does not explain or excuse petitioner for filing his § 2255 petition late. Petitioner points to no reason why this Court should find his petition timely other than the generic statement that it would be a "miscarriage of justice" to not consider the merits of petitioner's petition. The Court does not find that it is such a miscarriage and accordingly dismisses the § 2255 motion as untimely.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is

---

[1] The court notes that petitioner does not claim to be innocent of any underlying offense, or prior offense, he merely argues that his previous offenses were incorrectly calculated under the sentencing guidelines. [DE 61].

4

entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court *sua sponte* considers the timeliness of petitioner's motion pursuant to 28 U.S.C. § 2255 and DISMISSES it as untimely. The petitioner is DENIED a certificate of appealability.

SO ORDERED,

this _16_ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5